IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

**NATHAN PEAIRS, JR, # 47314**                                                                      **PLAINTIFF**

**v.**                                                            **CIVIL ACTION NO.5:16-cv-00022-KS-MTP**

**PATSEY WILEY, et al.**                                                                              **DEFENDANTS**

## REPORT AND RECOMMENDATIONS

THIS MATTER is before the Court on the Motions for Summary Judgment [44][45] filed by Defendants James Burke and Patsey Wiley. Having reviewed the parties' submissions, the record, and the applicable law, the undersigned recommends that the Defendants' Motions for Summary Judgment [44] [45] be granted.

## BACKGROUND

On March 11, 2016, Plaintiff Nathan Peairs, Jr.[1], proceeding *pro se* and *in forma pauperis*, filed his Complaint [1] pursuant to 42 U.S.C. § 1983. This lawsuit arises from events which took place while Plaintiff was a post-conviction inmate at Wilkinson County Correctional Facility ("WCCF"), where he is currently incarcerated. The Plaintiff's claims and relief sought were clarified and amended by his sworn testimony at a *Spears*[2] hearing. Plaintiff asserts claims against Defendants for the denial and/or delay of adequate medical treatment.

Plaintiff alleges that he has been diagnosed and treated many years for high blood pressure and high cholesterol. He claims that Dr. Burke, a prison doctor, prescribed Simvastatin

---

[1] Plaintiff's medical records indicate that his last name is spelled Pearirs. For consistency the undersigned will utilize Plainiff's spelling "Peairs"

[2] *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985); *see also Flores v. Livingston*, 405 Fed App'x 931, 932 (5th Cir. 2010) (stating that allegation made at a *Spears* hearing supercede claims alleged in the complaint).

1

for his high cholesterol, along with multiple other medicines. Plaintiff says that the side effects of Simvastatin have caused him to experience sharp and throbbing pain and periodic numbness in his right leg. He also claims that a drug proscribed by Dr. Burke caused him to fail a urine drug test. He claims that a drug made him test falsely for K-2, a synthetic form of cannabis. Plaintiff testified that before filing this current action he did not talk to Dr. Burke about his concerns that Simvastatin or some other drug prescribed by Burke caused him to test positive for K-2, or that it caused him leg pain.

Plaintiff also claims that he notified Defendant Nurse Wiley about his pain and why he believes he failed his drug test. He allegedly requested that Wiley send him to an off-site specialist, but that Wiley refused to send him to one. All Defendants have moved for summary judgment. Plaintiff did not respond to the motions even after the Court urged him to do so.[3]

## STANDARD FOR SUMMARY JUDGMENT

A motion for summary judgement will be granted only when "the record indicates that there is 'no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'" *Causey v. Sewell Cadillac-Chevrolet, Inc.*, 394 F.3d 285, 288 (5th Cir. 2004) (citing FED. R. CIV. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)). The court must view "the evidence in the light most favorable to the nonmoving party." *Id.* However, the nonmoving party "cannot defeat summary judgment with conclusory allegations, unsubstantiated assertions, or 'only a scintilla of evidence.'" *Turner v. Baylor Richardson Medical Center*, 476 F.3d 337, 343 (5th Cir. 2007) (quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)). In the absence of proof, the Court does not "assume that the

---

[3] *See* Order [50].

nonmoving party could or would prove the necessary facts." *Little v. Liquid Air Corp.*, 1069, 1075 (5th Cir. 1994) (emphasis omitted).

## ANALYSIS

Plaintiff's claims are before the Court pursuant to 42 U.S.C. § 1983. Section 1983 "neither provides a general remedy for the alleged torts of state officials nor opens the federal courthouse doors to relieve the complaints of all who suffer injury at the hands of the state or its officers." *White v. Thomas*, 660 F.2d 680, 683 (5th Cir. 1981). Rather, "[i]t affords a remedy only to those who suffer, as a result of state action, deprivation of 'right, privileges, or immunities secured by the Constitution and laws' of the United States." *Id*. (quoting 42 U.S.C. § 1983).

"Prison officials violate the constitutional proscription against cruel and unusual punishment when they are deliberately indifferent to a prisoner's serious medical needs, as doing so constitutes unnecessary and wanton infliction of pain." *Davidson v. Texas Dep't of Criminal Justice*, 91 Fed. App'x 963, 964 (5th Cir. 2004) (citing *Wilson v. Seiter*, 501 U.S. 294, 297 (1991)). Deliberate indifference "is an extremely high standard to meet." *Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006) (quoting *Domino v. Texas Dep't of Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001)). The test for establishing deliberate indifference is "one of subjective recklessness as used in the criminal law." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).

An official is not deliberately indifferent unless he "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists and he must also draw the inference." *Id*. at 838. Plaintiff must "submit evidence that prison officials 'refused to treat

him, ignored his complaints, intentionally treated him incorrectly, or engaged in any other similar conduct that would clearly evince a wanton disregard for any serious medical needs." *Davidson*, 91 Fed. App'x at 965 (quoting *Domino*, 239 F.3d at 756). "[D]elay in medical care can only constitute an Eighth Amendment violation if there has been deliberate indifference, which results in substantial harm." *Mendoza v. Lynaugh*, 989 F.2d 191, 195 (5th Cir. 1993).

Negligent conduct by prison officials does not rise to the level of a constitutional violation. *Daniels v. Williams*, 474 U.S. 327, 333-34 (1986). Plaintiff is not entitled to the "best" medical treatment available. *McMahon v. Beard*, 583 F.2d 172, 174 (5th Cir. 1978); *Irby v. Cole*, 2006 WL 2827551, at *7 (S.D. Miss. Sept. 25, 2006). Further, a prisoner's "disagreement with medical treatment does not state a claim for Eighth Amendment indifference to medical needs." *Norton v. Dimazana*, 122 F.3d 286, 292 (5th Cir. 2001).

### *Dr. James Burke*

Plaintiff claims that drugs proscribed by Defendant Burke caused negative side effects including pain and a failed drug test. At the *Spears* hearing the following exchange occurred between the undersigned and Plaintiff:

> Q: Well, before you filed the lawsuit did [Dr. Burke] deny you any medical care or refuse to treat you in some way?
> A: No, sir.
> Q: So why did you file a lawsuit?
> A: Because of that there. Because he put me on the medication. . . .

*See* [44-1] at 23.

Plaintiff's medical records indicate that Dr. Burke prescribed Plaintiff medication to treat his high cholesterol. *See* Medical Record [49] at 63. The medical records also reflect that when Plaintiff complained to Dr. Burke that his medication caused him pain that Burke took him off

4

the medication. *See id*. at 63 ("Since patient feels that pain is secondary to statin, will stop sta[t]in . . .").[4] In his complaint, Plaintiff stated he was provided ibuprofen for his pain. Plaintiff's medical records demonstrate a pattern of medical treatment while at WCCF. *See generally id*.   It is uncontested that Dr. Burke never refused to treat Plaintiff, never ignored his complaints, and never denied him medical treatment. *See Davidson*, 91 Fed. App'x at 965.

Allegations that Dr. Burke prescribed Plaintiff medication that caused him pain and to purportedly fail a drug test at the most amounts to negligence. However, mere negligence by prison physician is not enough to "rise to the level of cruel and unusual punishment within the meaning of the Eighth Amendment" *Morgan v. Texas Dep't of Criminal Justice McConnell Unit*, 537 F. App'x 502, 507 (5th Cir. 2013) (Prescribing a treatment that causes side effects does not rise to the level of a constitutional violation, "without a further showing of deliberate indifference to serious medical needs") As such, the claims against Dr. Burke should be dismissed.

*Nurse Patsey Wiley*

Plaintiff alleges that he told Nurse Wiley about his leg pain and his belief that Simvastatin caused him to fail a drug test. He alleges Nurse Wiley refused his requests to see an off-site specialist regarding these alleged side effects.

Prisoners have "no automatic constitutional right to an outside referral or specialist." *Webb v. Ford*, No. 2:09CV187-MTP, 2010 WL 3239438, at *4 (S.D. Miss. Aug. 13, 2010) (citing *Green v. McKaskle*, 788 F.2d 1116, 1127 (5th Cir.1986). Moreover, a prisoner's

---

[4] According to an Affidavit submitted by Dr. Burke, he eventually placed Plaintiff back on the medication because Plaintiff was still experiencing the pain despite being off the medication for several weeks. *See* [45-3].

"disagreement with medical treatment does not state a claim for Eighth Amendment indifference to medical needs." *Norton*, 122 F.3d at 292.

According Dr. Burke, Nurse Wiley does not have the authority to refer an inmate to a specialist. *See* Affidavit [45-3]. Additionally, Plaintiff has not shown that a specialist was even necessary. As Plaintiff merely disagrees with his medical treatment, the claim against Nurse Wiley should be dismissed. *See Norton*, 122 F.3d at 292.

**Official Capacity and Governmental Entity**

To the extent Plaintiff asserts claims against the individual Defendants in their official capacities, such claims also fail. There is no *respondeat superior* liability under Section 1983. *See Oliver v. Scott*, 276 F.3d 736, 742 & n.6 (5th Cir. 2002).   Further, Plaintiff has failed to demonstrate that any entity implemented a policy, custom, or practice that was a "moving force" behind a constitutional violation. *See Monell v. Dep't of Social Servs.*, 436 U.S. 658, 694 (1978). Therefore, to the extent Plaintiff is bringing these claims, they should be dismissed.

## CONCLUSIONS AND RECOMMENDATIONS

Based on the foregoing, the undersigned recommends that:

1. Defendants' Motions for Summary Judgment [44][45] be GRANTED;

2. This action be dismissed with prejudice.

## NOTICE OF RIGHT TO OBJECT

In accordance with the rules and 28 U.S.C. § 636(b)(1), any party within fourteen days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the judge, the magistrate judge and the opposing party.   The District Judge at the time may accept, reject or modify in whole or part, the recommendations of

the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions.  The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court to which the party has not objected.  *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1428-29 (5th Cir. 1996).

    THIS the 23rd day of March, 2017.

                                         s/ Michael T. Parker
                                         United States Magistrate Judge